## HALL ET AL. *v.* BLEDSOE ET AL.

[No. 12,330. Filed November 18, 1925.]

1. EXECUTORS AND ADMINISTRATORS.—*Where husband was executor of wife's will, and had larger part of her property at the time of his death, his administrators were proper parties to action to construe her will.*—Where, at the death of husband who was executor of his wife's will, he had in his possession, in addition to his own estate, the larger part of his wife's property, including promissory notes made to him and his wife jointly, and the two estates, intermingled, fell into the hands of his administrators, they were proper parties, along with the beneficiaries of the wife's will, in an action for its construction. p. 626.

2. WILLS.—*"Money on hand," as used in a will, may include promissory notes or the proceeds thereof.*—In will providing for the distribution of "all money on hand" at testatrix' death, the quoted phrase included her promissory notes or the proceeds thereof. p. 626.

3. WILLS.—*Complaint to construe a will held sufficient.*—A complaint to construe a will which is sufficiently specific to justify, and to apprise the court of, the relief prayed for, is sufficient. p. 626.

4. JUDGMENT.—*Motion to modify judgment properly overruled where it followed court's finding.*—A motion to modify a judgment was properly overruled where the judgment followed the court's finding. p. 626.

From Sullivan Circuit Court; *Walter F. Wood*, Judge.

Action by James L. Bledsoe and another, as administrators, against Orth M. Hall and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*Orth M. Hall* and *Charles D. Hunt*, for appellants.
*Lindley & Bedwell*, for appellees.

NICHOLS, P. J.—This is an action by appellees, James L. Bledsoe and Ollie M. Chambers, administrators of the estate of James Johnson, deceased, together with certain beneficiaries of the last will and testament of Nancy Johnson, deceased, to construe the last will and

testament of said Nancy Johnson, deceased. There was a motion to strike out parts of the complaint, to make it more specific, and a demurrer thereto, each of which was overruled. A trial resulted in a judgment against appellants' contention, as hereinafter appears. A motion by appellants to modify the judgment and a motion for a new trial were each overruled. These rulings are each assigned as error, but appellants say that: "The real question was whether the testatrix intended to include all money on hands and promissory notes under the term, 'all moneys on hand,' in the provision of item 3 of her last will." Therefore, when we have determined this question, we will have accomplished the purpose of this appeal.

It appears by the averments of the complaint that Nancy Johnson died testate, a resident of said county; that her last will and testament was duly admitted to probate. That appellees and appellants are the only beneficiaries under said will and the only persons whose interests are affected by a construction thereof; that appellees Bledsoe and Chambers, are administrators with the will annexed of the estate of James Johnson, deceased, surviving husband of Nancy. That item 3 of said will, after giving all her property to her nephews and nieces, and devising joint real estate to her said nephews and nieces and to brothers and sisters of her husband, or their descendants, then reads as follows: "Provided further that all our just debts and funeral expenses be paid, and a suitable monument erected at my and my husband's grave, that all moneys on hand shall go one-half to my husband, James Johnson, brothers and sisters and their descendants the other half at my death to go as my other property according to the distribution hereinbefore made." That doubts have arisen and uncertainty exists as to the true intent and meaning thereof in reference to the part of said will

above quoted. That uncertainty has arisen as to whether or not the testatrix intended to include all money on hand and promissory notes under the term, "all moneys on hand"; that the said James Johnson, widower of said decedent, qualified as executor of said will, and, at his death, had in his charge and control any and all moneys and promissory notes belonging to said Nancy, or in which she had an interest at the time of her death. That all of the promissory notes excepting one were made payable to the said James and Nancy, jointly, and said promissory notes were in the possession of said James at the time of the death of his wife and at his death; that there is one promissory note of $800, which was made payable solely to said Nancy. That all of said promissory notes came into the possession and are now in the possession of said Bledsoe and Chambers as administrators with the will annexed of the estate of said James; that said note of $800 remains unpaid, but the residue of said notes, which were payable to said James and Nancy jointly, have been reduced to cash and the proceeds thereof are in the hands of said administrators. That the estate of said Nancy has been fully and finally settled and the said parties hereto desire a construction of said item three of said will, and of the law in reference thereto, and in reference to said promissory notes so made payable jointly and said promissory note so made payable to said Nancy, that such construction is desired that said administrators may make distribution of the properties in their hands; that the said James died testate after the death of his said wife.

After trial, at which the uncontradicted facts were in harmony with the complaint, the court found that: "All promissory notes payable to Nancy Johnson and owned by her individually, at the time of the death of James Johnson, if the same were not used and were not neces-

sary for the payment of the debts of Nancy Johnson and her funeral expenses and the erection of a suitable monument at .her and her husband's grave, passed one-half in value to the brothers and sisters of James Johnson and their descendants and the other half in value to the nephews and nieces of Nancy Johnson that were living at the death of Nancy Johnson," and rendered judgment accordingly. There was no judgment construing the will· as to the joint notes.

It is to be observed that the testatrix by her will provided for the payment of her debts, including funeral expenses, the erection of a monument at her grave and the grave of her husband and then for the distribution of her estate, in other words, she contemplated the settlement of her estate, which would embrace the collection of promissory notes, thereby reducing them to "money on hand." While the record shows that James Johnson, as executor of Nancy's estate, made a final settlement of her estate, the report itself· shows that he had made such settlement so far as he was able to do so. At the time of his death, he had in his possession, in addition to his own estate, that of his wife, and the two estates, intermingled, fall into the hands of appellee administrators. While, technically speaking, an administrator *de bonis non* with the will annexed, might have been appointed to whom they might have turned over Nancy's estate, yet, under the circumstances, all of the beneficiaries under Nancy's will being before the court, with a proper construction of her will, they may reduce the notes to "money on hand," and distribute ·the part thereof belonging to Nancy's estate to her legatees, as determined by the court, without such appointment.

We hold that appellee administrators were proper parties, along with the beneficiaries of Nancy Johnson's will, in this action for the construction of such will, in-

cluded her promissory notes, or the proceeds 1-4. thereof. The complaint was sufficiently specific to justify, and to apprise the court of, the relief prayed for. It clearly stated a cause of action. The judgment of the court followed its finding and therefore there was no error in overruling the motion to modify the judgment. There was no reversible error in overruling appellant's motion for a new trial.

Judgment affirmed.